Pee. Curiam.
 

 The grounds stated will be noticed
 
 seriatim.
 
 Upon the original bill, Tiel claimed credit for $602, and a reduction of the interest, $156, to $12. Any other matters were not in issue. Proof of * them could not have been made. What then is to become of the $123 paid'in part of the judgment, and of $141 collected on the execution, and of $414 paid ? As to these the Circuit Court ought to supersede execution, and direct credits to be given. The original bill in this court had no relation to these matters.
 

 As to the $602, part thereof to the amount of $470 for extra services as valued, and $112 paid March Banks, Tiel has been allowed for on the hearing. The injunction was dissolved as to $20. This $112 is allowed for in the execution; Roberts has advanced and received it, and is credited for it at the hearing. What proof is now offered, that Tiel did not owe it to March Banks? His deposition, which is lost, would have proved $12.50 paid to Roberts, having been credited on the $602.41, and credited by the latter sum, and ought to give of his credit out of the $602; as to the $65, on the 19th of June, 1804, it is included in the $470, and Roberts has been twice paid. That is, in the $470 allowed last term, and the $65 paid by the postmaster, he should return.
 

 ' As to the $183.75, 14th January, 1807, it was received by Roberts; but whether as a part of the $470 or of the notes, or whether applicable or not to either, does not appear. It might be for services between Nashville and Colberts.
 

 To conclude, the $414 and $123 the Circuit Court will regulate. The $66 was given as inducement to undertake the extra service, and has been already passed upon ; the $602 already passed upon.
 

 As to the $65 and $112 or $141, let the decree be opened as to these. And as to the $183, also of the present bill, shall be so amended at this term as to state upon affidavit that no other services were performed by Roberts, to which the same were applied, or were applicable.
 

 * We go upon the ground that the answer claimed credit
 
 *335
 
 for extra services; consequently sums applicable to them were examinable, and yet were overlooked; no reference was made to the master, and by that omission these sums were not reported, as they might have been, had a report been called for.
 

 The decree ought to be opened .as to the $65, $112, and also as to the $188.75, to the end that these several sums may now be inquired into, as before they ought to have been, by reference to the master.
 

 See
 
 Tiel
 
 v.
 
 Roberts,
 
 3 Hay. 139.